Dolores BRENNAN et al., Appellant,

v.

George R. HAINES et al.

Appeal of Anne E. LONERMAN, Appellant in No. 71–1504.

Appeal of William JONES, Appellant in No. 71–1505.

Nos. 71–1503 to 71–1505.

United States Court of Appeals, Third Circuit.

Argued Dec. 1, 1971.

Decided Feb. 11, 1972.

**944**

Mitchell A. Kramer, Philadelphia, Pa. (Robert M. Britton, Philadelphia, Pa., on the brief), for appellants.

Daniel B. Michie, Jr., Fell, Spalding, Goff & Rubin, Philadelphia, Pa., for appellees.

Before SEITZ, Chief Judge, and KALODNER and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This is an appeal from an order of a single judge of the district court dismissing appellants' complaint with prejudice. The complaint, invoking jurisdiction under 42 U.S.C. § 1983, asserts that a Pennsylvania statute violates the Fourteenth Amendment.

The facts focus on the election procedures applicable to filling vacancies on the Board of Commissioners of Abington Township, Pennsylvania. Abington, a township of the First Class, is governed by a board of fifteen commissioners. Under the First Class Township Code[1] one commissioner is elected from each of the fifteen Abington ward districts. In the 1969 municipal elections Hugh O'Neill was elected commissioner of the Eighth Ward. He later resigned. In accordance with the provision of the Code governing vacancies[2] the fourteen remaining board members, among themselves, then elected Brynmor Davis, Jr. to fill Mr. O'Neill's unexpired term. Mr. Davis was a resident of the Eighth Ward as the law required.

Appellants are registered voters of the Eighth Ward who had voted for O'Neill in the 1969 election. Subsequent to the filing of their complaint they requested that a three-judge court be convened pursuant to 28 U.S.C. §§ 2281, 2284. The single judge district court recommended to then Chief Judge Hastie that such a court be convened. Judge Hastie refused for the reason that "the [appellants'] formal challenge to the constitutionality of [the] state statute [was] not such as to warrant the convening of a Three Judge Court." The district court thereafter dismissed the complaint and this appeal followed.

No opinion accompanied the district court's order. However, we think it clear that the district court concluded, in view of Judge Hastie's reasoning, that the complaint failed to state a claim under the equal protection clause. It, therefore, dismissed the complaint on its own motion.

The appellants' complaint attacks the constitutionality of statutory procedures for filling vacancies in First Class township boards. Under those

---

1. Act of June 24, 1931, P.L. 1206, § 504, as amended, 53 P.S. § 55504.

2. Act of April 27, 1967, P.L. 19, § 1, 53 P.S. § 55530.

procedures the board members in office effect a consensus appointment to their membership of a resident of the district where the vacancy exists. It is true that this procedure acts to deny the citizens of the ward faced with a vacancy any role in the selection of a replacement representative. The new commissioner is the choice solely of those commissioners remaining on the board when the vacancy is filled. None of these individuals was elected by the vote of the electorate of the ward where the vacancy exists. Although there is a potential for unfairness in this situation, we do not think it reaches federal constitutional proportions.

■ Appellants contend that the failure of the vacancy procedures to assure them a voice in the selection of an interim commissioner poses a substantial constitutional question. See Miller v. Smith, 236 F.Supp. 927, 930 (E.D.Pa. 1964). However, it is fairly well established that the right of a specific electorate to vote for state government officials does not of itself establish in that same electorate the right to fill those positions in the event of interim vacancies. As noted by the recent three-judge court decision in Kaelin v. Warden, 334 F.Supp. 602, 606 (E.D.Pa.1971):

> "The use of an appointive process as a means to fill an interim vacancy is not foreign to our traditional notions of representative government. In fact, an appointive procedure is specifically condoned by the Seventeenth Amendment in order to fill vacancies in the United States Senate. A compelling state interest is furthered by the use of an interim appointment as a stop-gap measure designed to avoid delay in the discharge of public business. . . . (citations omitted)."

Compare Burns v. Richardson, 384 U.S. 73, 90–97, 86 S.Ct. 1286, 16 L.Ed.2d 376 (1966) with Kramer v. Union Sch. Dist., 395 U.S. 621, 632, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969).

The reasoning in Kaelin sustains the procedures here challenged. As was true in that case these procedures provide for the orderly administration of the township without the possible hiatus in governmental operations necessarily consequent to replacement of a commissioner by resort to public election. Here, too, the preservation of a legitimate state objective is furthered in an area in which the state has a compelling interest, i. e., uninterrupted township government. See 334 F.Supp. at 606. *See also* Abate v. Mundt, 403 U.S. 182, 91 S.Ct. 1904, 29 L.Ed.2d 399 (1971); Turner v. Fouche, 396 U.S. 346, 361, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970).

The order of the district court will be affirmed.